**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MICHEAL GEORGE (#115917)**                                    **CIVIL ACTION**

**VERSUS**

**CAPT. SMITH, ET AL.**                                         **NO. 08-0393-B-M3**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on August 25, 2008.

                                    **MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MICHEAL GEORGE (#115917)**                                              **CIVIL ACTION**

**VERSUS**

**CAPT. SMITH, ET AL.**                                                          **NO. 08-0393-B-M3**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Capt. Smith and Warden Burl Cain, complaining that in February, 2008, he discovered that certain items of his personal property, which had been packed for transfer to a different housing location, had been taken by defendant Smith.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time, before or after service of process, and before or after an answer is filed.  Green v. McKaskle, supra.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

The pleadings in this action fail to show that there is an arguable factual and legal basis of constitutional dimension for the asserted wrong.  Under well-established legal principles, the plaintiff's claim that the defendants have lost, mishandled, confiscated, or deprived him of his personal property is not properly before this Court.  Random, unauthorized, and even intentional actions by state officials which result in deprivations of property do not violate the federal Constitution if an adequate post-deprivation state remedy exists.  Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82

L.Ed.2d 383 (1984).  It is clear that the State of Louisiana provided ample remedies under which the plaintiff could have proceeded against the defendants for recovery of his property or for reimbursement for its loss.  Marshall v. Norwood, 741 F.2d 761 (5th Cir. 1984).  Accordingly, the plaintiff's claim is without constitutional merit and should be dismissed.

RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's Complaint be dismissed, with prejudice, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915.[1]

Signed in Baton Rouge, Louisiana, on August 25, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] Note that 28 U.S.C. § 1915A(g) specifically provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the   prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."